## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARTIN PICHARDO,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 5:16-cv-1248 |
| | § | |
| | § | |
| **LUCKY COUSINS TRUCKING, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT

Plaintiff Martin Pichardo for his Complaint against Lucky Cousins Trucking, Inc. states and alleges as follows:

### SUMMARY

1.      Lucky Cousins Trucking, Inc. (hereinafter "LCT" or "Defendant") required and/or permitted Martin Pichardo (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2.      Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. Sec, 29 U.S.C. § 207(a).

3.      Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which he now seeks recovery.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action because Plaintiff has asserted a claim arising under federal law and state law.

5.      Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## THE PARTIES

6.      Defendant, LCT, may be served through its registered agent: IncorporateMax, Inc., 719 Sawdust Rd., #204, The Woodlands, Texas 77380 or wherever he may be found.

## COVERAGE

7.      Defendant LCT is an enterprise that engages in commerce or in the production of goods for commerce.

8.      Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

9.      Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

10.     Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

11.     In furtherance of Defendant's business. Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

## FACTUAL ALLEGATIONS

12.     Defendant is a trucking company providing hauling services with terminals in Texas and Ohio.

13.     Plaintiff began employment with Defendant at its Carrizo Springs, Texas location on or about April 10, 2015 as a truck driver.  Plaintiff spent the first twenty-four days of work in

training until May 6, 2015, and it was agreed between the parties that he would be paid $150 per day during that period.  Per that agreement, Plaintiff was owed $3,600 for that period.

14.     It was agreed between the parties that after his training period, Plaintiff would be paid 30% (thirty percent) of the amount charged by Defendant to its customer per barrel of oil hauled.  Additionally, it was agreed that Defendant would pay Plaintiff $23 per hour.

15.     From May 7, 2015 through May 10, 2015, Plaintiff hauled 738 barrels of oil, drove approximately 67.3 miles, for about a total of 26 hours.  Per the agreement of the parties, based on information and belief, Plaintiff was owed approximately $1,335 for this period.

16.     After May 10, Plaintiff was transferred to Defendant's New Philadelphia, Ohio location.  At this location, Plaintiff was able to drive one load for which he was promised 45% (forty-five percent) of the amount charged by Defendant to its customer per barrel of oil hauled. However, from May 11 through May 27, Plaintiff still worked for Defendant at its yard, and worked a total of eighty (80) hours the week of May 11 through May 16, ninety-eight and a half (98.5) hours the week of May 17 through May 23, and forty-six (46) hours from May 24 through May 27.    Defendant terminated Plaintiff's employment on May 27, 2016.  Based on the agreed hourly rate of $23 per hour, Plaintiff was owed $6,383.25 for the hours he worked in Ohio.

17.     Despite the work performed by Plaintiff, as set out above, Plaintiff was only paid approximately $4,000 by Defendant.

**CAUSE OF ACTION – VIOLATIONS OF FAIR LABOR STANDARDS ACT ("FLSA")**

18.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

19.     At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

20.     Defendant's failure to pay overtime compensation to Plaintiff violates the FLSA.

21.     Plaintiff is not exempt from the right to receive the appropriate minimum wage and overtime pay under the FLSA.

22.     As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated the FLSA, 29 U.S.C. §§ 206(a)(l)(C) and 207(a)(1).

23.     Accordingly, Plaintiff is entitled to complete compensation for hours worked.

24.     Additionally, Plaintiff is entitled to an amount equal to his unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. §216(b).

25.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

26.     Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

27.     Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

28.     WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## CAUSE OF ACTION – BREACH OF CONTRACT

29.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

30.     All conditions precedent to the performance of Defendant have been met.

31.     The contractual obligations of Plaintiff have been fully performed.

32.     Defendant have failed to perform its contractual obligations, specifically, paying Plaintiff the amounts it contracted to for the work performed by Plaintiff.

33.     Defendant's breach of contract described hereinabove has injured Plaintiff.

34.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

1.     overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rate;

2.     an equal amount as liquidated damages as allowed under the FLSA;

3.     damages accrued up to three years;

4.     reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

5.     pre-judgment and post judgment interest at the highest rates allowed by law;

6.     all amounts owed to Plaintiff for work performed by Plaintiff that were not compensated by Defendant in breach of their contractual agreement;

7.     all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code; and

8.     such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Carlos I. Uresti*

Carlos I. Uresti
Uresti Law Firm PC
Texas Bar No. 00785132
924 McCullough Ave.
San Antonio, TX 78215
Tel. (210) 927-3412 ext. 103
Fax. (210) 921-0430

Ali Hakeem
Texas Bar No. 24065354
21022 Gathering Oak
San Antonio, TX 78260
Tel. (210) 899-3631
Fax. (210) 899-3632

*Attorneys for Plaintiff*