IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTIN PICHARDO, | § § | |
| *Plaintiff*, | § § | 5-16-CV-01248-RBF |
| vs. | § § | |
| LUCKY COUSINS TRUCKING, INC., | § § | |
| *Defendant*. | § § | |

## ORDER

Before the Court is the Motion for Default Judgment filed by Plaintiff Martin Pichardo. *See* Dkt. No. 29. Pichardo's sues under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq*. The Court has federal question jurisdiction over his FLSA claims and supplemental jurisdiction over a related state law breach-of-contract claim. *See* 28 U.S.C. §§ 1331, 1367. The undersigned has authority to enter this order via the parties' consent to trial by U.S. Magistrate Judge. *See* 28 U.S.C. § 636(c); Dkt. Nos. 12 & 13. For the reasons set forth below, Pichardo's Motion for Final Default Judgment, Dkt. No. 29, is **GRANTED**, as specified herein.

**I.  Factual and Procedural Background**

On December 9, 2016, Plaintiff Pichardo sued his former employer, Lucky Cousins Trucking, Inc. *See* Dkt. No. 1. Pichardo—who worked as a truck driver for Lucky Cousins from April 10, 2015 through May 27, 2016—alleges that Lucky Cousins failed to pay him at the parties' agreed-upon rate of $150 per day for time spent training plus 30% of the revenue received for each barrel Pichardo hauled and a base rate of $23 per hour when not training. *See id.* Pichardo further alleges that throughout his employment Lucky Cousins failed to pay him overtime pay for hours worked in excess of forty per week. *See id.*

On January 23, 2017, Lucky Cousins filed an Answer, generally denying Pichardo's allegations and asserting various affirmative defenses. *See* Dkt. No. 9. A Scheduling Order was entered. *See* Dkt. Nos. 14. By April 9, 2018, all deadlines had passed. *See id.*, *as amended by* Dkt. No. 17 & Dec. 27, 2017 text order. Accordingly, the Court set a status conference. *See* Dkt. No. 20.

On August 23, 2018, the Court held a hearing on this matter. Pichardo appeared through counsel of record. Lucky Cousins, however, did not appear. Counsel for Lucky Cousins, Kevin Pennell, had previously advised the Court's staff through e-mail correspondence, which copied opposing counsel, that he had a conflict with the hearing date but that Lucky Cousins "does not intend to defend this case and thus [counsel is] not sure [his] participation is necessary." Dkt. No. 22. In light of this representation, the Court instructed counsel for Pichardo at the hearing to file either a properly supported motion for default or an advisory explaining whether and how Pichardo intends to proceed. *See id.* In an order following the hearing, the Court also ordered Mr. Pennell to file an advisory indicating whether Lucky Cousins would file a response or opposition to a request for default from Pichardo. *See id.*

On August 29, 2018, Lucky Cousins filed a Notice of No Contest Against Entry of Default Judgment, in which it advised the court that "Lucky Cousins Trucking, Inc. will not be contesting the entry of default judgment." Dkt. No. 23. Thereafter, Pichardo moved for and obtained a Clerk's Entry of Default. Dkt. Nos. 26 & 27. He then filed the instant Motion for Default Judgment. Dkt. No. 29. Lucky Cousins has not responded to the Motion.

**II.     Analysis**

*Default.* Federal Rule of Civil Procedure 55 requires the Clerk to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, Lucky Cousins has indicated

2

that it does not intend to defend this action. *See* Dkt. No. 23. Accordingly, the Clerk properly entered a default.

*Default Judgment.* Once a default has been entered, and upon a party's motion, a court may enter a default judgment. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "[A] party," however, "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks omitted). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). When considering whether such a basis is presented, a court accepts as true the complaint's well-pleaded factual allegations—except regarding damages—and must determine whether those pleaded facts state a claim upon which relief may be granted. *See id.*; *see also United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Accordingly, Pichardo will be entitled to a default judgment if the facts alleged in the Complaint state a claim upon which relief may be granted. They do.

By and through his Complaint, Pichardo claims that he entered into a verbal contract with Lucky Cousins regarding his compensation. Pichardo alleges that he performed his obligations under the contract and that Lucky Cousins breached that agreement by paying him less than the contractually-agreed upon amount, resulting in damages. Accordingly, Pichardo has stated a valid breach-of-contract claim under Texas law. *See Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 834 (Tex. App.—Dallas 2009, no pet.) (discussing the elements for breach of contract). Pichardo further alleges that (1) he is a former Lucky Cousins employee; (2) Lucky Cousins is subject to the FLSA and Pichardo was not exempt from the FLSA's overtime requirements; (3) Lucky Cousins violated the overtime wage requirements; and (4) he is entitled to $3,605.25 in overtime compensation. Accepting these allegations as true, Pichardo has stated a prima facie

case for unpaid overtime under the FLSA, which Lucky Cousins has failed to rebut. *See Parrish v. Premier Directional Drilling, L.P.*, No. 17-51089, 2019 WL 973091, at *5 (5th Cir. Feb. 28, 2019) (discussing the elements a plaintiff must prove to recover overtime pay under the FLSA).

Finally, although it is perhaps debatable whether the 7-day notice requirement of Rule 55(b)(2) applies where, as here, a hearing is not required,[1] Pichardo served Lucky Cousins with the instant motion using the Court's CM/ECF system and did so more than 7 days before the issuance of this Order.

For these reasons, default judgment is appropriate on Pichardo's breach-of-contract and FLSA claims, and the only remaining issues relate to damages. *See Shipco*, 814 F.2d at 1014.

*No Hearing Is Needed on Damages.* Damages ordinarily may not be awarded via default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents" and a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993) (a district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment). Here, Pichardo does not request a hearing and has attached detailed affidavits and time records from which the Court can calculate damages. An evidentiary hearing to determine damages is therefore unnecessary.

*Actual Damages of $7,237.06.* By and through his December 26, 2018 affidavit, Pichardo sets forth the number of hours he worked from April 10, 2015 through May 27, 2016 and the

---

[1] *Compare* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.") *with Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Co.*, No. 2:10-CV-01189-KJD-RJJ, 2012 WL 3205862 (D. Nev. Aug. 2, 2012) (holding Rule 55(b)(2)'s 7-day notice requirement does not apply where a hearing is not conducted prior to entry of default judgment).

agreed-upon rate of pay. Accounting for the overtime premium for all hours worked in excess of forty per workweek, less the amounts paid by Lucky Cousins to date, Pichardo swears under penalty of perjury that he is owed a total of $7,237.06 in actual damages, which includes $3,605.25 in unpaid overtime compensation. The Court's independent review confirms the $7,237.06 requested in actual damages is supported by the evidence and applicable law.

*Additional Liquidated Damages of $3,605.25*. "An employer who violates the FLSA is liable for [an award of] liquidated damages equal to the unpaid overtime compensation unless, after concluding that the employer acted in 'good faith' and had 'reasonable grounds' to believe that its actions complied with the FLSA, the district court declines to award liquidated damages (or reduces the amount)." *Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x 324, 326 (5th Cir. 2011) (citing 29 U.S.C. § 260); *see also* 29 U.S.C. § 216(b). Demonstrating "good faith" and "reasonable grounds," however, is a "substantial burden," which Lucky Cousins has failed to meet. *See Stokes*, 424 F. App'x at 324. Accordingly, an additional award of liquidated damages in the amount of $3,605.25 is appropriate in this case. To be clear, although the actual-damages award includes $3,605.25 in unpaid overtime compensation, Pichardo is entitled to recover an additional $3,605.25 in liquidated damages above and in addition to the $7,237.06 award.

*Attorney's Fees of $4,336.92*. "Under the FLSA, an employer who violates the statute is also required to pay attorney's fees." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. 216(b). Although Texas law also provides that a plaintiff may recover attorney's fees on a successful breach-of-contract claim, such an award must be preceded by proper presentment of the claim. *See Always at Mkt. Inc. v. Girardi*, 365 F. App'x 603, 608 (5th Cir. 2010) (citing Tex. Civ. Prac. & Rem. Code § 38.001). Here, Pichardo only seeks to recover attorney's fees under the FLSA,[2] and there is no evidence in the record to suggest that Pichardo

---

[2] *See* Pichardo Aff. ¶ 11.

properly presented his claim. Accordingly, the Court will only award attorney's fees with respect to Pichardo's FLSA claim.

The lodestar method applies to the attorney's fees calculation here. *SettlePou*, 732 F.3d at 502. The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent by an appropriate hourly rate. *Id*. The resulting lodestar figure is presumptively reasonable and should only be modified in exceptional cases. *Id.*; *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *SettlePou, P.C.*, 732 F.3d at 502.

After determining the initial lodestar figure, a court may then make upward or downward adjustments. Such adjustment are based on "the relative weights" of twelve factors, known as the *Johnson* factors, provided that any such *Johnson* factor considered for an adjustment was not already included in the initial lodestar calculation. *Id.*; *Watkins*, 7 F.3d at 457. The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *SettlePou, P.C.*, 732 F.3d at 502 n.7.

Pichardo requests a total of $4,336.92 in attorney's fees, calculated at an approximate hourly rate of $173.48 multiplied by 25 hours. In support, counsel for Pichardo has provided an affidavit explaining that he spent 25 hours prosecuting this case, which included "investigating the claims in this case, corresponding with counsel for Defendant, preparing the petition and

other pleadings, preparing and responding to discovery requests, taking part in negotiations and mediation, and appearing in court." Hakeem Aff. ¶ 4. Counsel also swears that the fees charged "are those customarily charged in this area for the same or similar services by an attorney with [his] experience, reputation, and ability." *Id.* ¶ 6. After due consideration of the prevailing market conditions in San Antonio, Texas, the Court accepts the hourly rate of $173.48.

There is a small wrinkle involved with determining the hours expended. As mentioned above, Pichardo is entitled to recover fees only with respect to the FLSA claim, not necessarily for the entire case that includes a state law contract claim. Typically, attorney's fees are segregated between claims, especially where fees are appropriate as to one claim but not another. *See, e.g.*, *Hilton v. Exec. Self Storage Assocs., Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *12 (S.D. Tex. Jun. 18, 2009). But here there is no need for segregation because the contract and FLSA claims overlap significantly and the discrete legal services rendered in aid of the FLSA claim almost certainly advanced the very closely related claim for breach of the employment contract. *See id.* ("Time spent pursuing successful and unsuccessful claims that involve a common core of facts . . . need not be reduced if these claims are so intertwined as to make it difficult to divide the hours expended on a claim-by-claim basis.") (internal quotations and brackets omitted); *see also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) (segregation standard under Texas law). The lodestar here is therefore $4,336.92. Pichardo has not requested any adjustment of the lodestar; nor does the Court believe, after careful review of the *Johnson* factors, that one is warranted. *See, e.g., Sanders v. Barnhart*, No. 04–10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam) ("[I]t is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards").

*Costs and Interest*. Pichardo will also be awarded his reasonable costs if he timely files a bill of costs in the form required by the Clerk of the Court and supported by appropriate documentation. *See* Local Rule CV-54.

Pichardo requests "interest" on his claim. He does not, however, specify what type of interest he seeks or under what authority he seeks it. The Court will award post-judgment interest pursuant to 28 U.S.C. § 1961. To the extant other interest amounts are sought, Pichardo has not sufficiently explained at this time what those amounts are or why they should be awarded.

### III. Conclusion

For the reasons discussed above, Plaintiff Pichardo's Motion for Default Judgment, Dkt. No. 29, is **GRANTED**. Pichardo shall be awarded: (1) $7,237.06 in actual damages; (2) a further $3,605.25 in liquidated damages; (3) $4,336.92 in attorney's fees; and (4) costs in an amount to be determined pursuant to the procedure specified in the Western District of Texas's Local Rule CV-54. Defendant Lucky Cousins shall also pay post-judgment interest, to be calculated and compounded pursuant to 28 U.S.C. § 1961 until the judgment is paid in full.

**IT IS SO ORDERED**.

SIGNED this 10th day of April, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE